IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs December 17, 2008

**STATE OF TENNESSEE v. LORA ASHLEY**

**Appeal from the Circuit Court for Moore County**
**No. 1067     Robert Crigler, Judge**

**No.  M2008-01563-CCA-R3-CD - Filed March 26, 2009**

Appellant, Lora Ashley, appeals the Moore County Circuit Court's denial of alternative sentencing. Appellant pled guilty to one count of facilitation of a violation of the sex offender registry and agreed to an open plea, where the trial court was to determine the length and manner of service of the sentence.  After a sentencing hearing, the trial court denied alternative sentencing on the basis that Appellant's criminal history supported a denial of alternative sentencing and that measures less restrictive than confinement had been unsuccessfully applied to Appellant.  As a result, the trial court ordered her to serve eleven months and twenty-nine days in jail.  Appellant appeals this decision. We determine that the record supports the trial court's denial of alternative sentencing and, therefore, affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Affirmed.**

JERRY L. SMITH, J., delivered the opinion of the court, in which ALAN E. GLENN, J., JOINED and D. KELLY THOMAS, JR.,J., FILED A SEPARATE CONCURRING OPINION.

Andrew Jackson Dearing and Dorothy Buck, Assistant Public Defenders, for the appellant, Lora Ashley.

Robert E. Cooper, Jr., Attorney General and Reporter; Lacy Wilbur, Assistant Attorney General; Mike McCown, District Attorney General, and Hollynn L. Hewgley, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

Appellant was indicted by the Moore County Grand Jury for one count of facilitation of a violation of the sex offender registry in January of 2008.  On February 22, 2008, Appellant entered a guilty plea to facilitation of a violation of the sex offender registry, as charged in the indictment.

At the guilty plea hearing, Appellant agreed to the facts as presented by counsel for the State:

On December 17, 2007, the Department of Children's Services worker came to [the] sheriff's department and informed them that there was a registered sex offender staying at [Appellant's], at her residence here in Moore County, Tennessee. [Appellant] has an 11-year old child.

Upon interviewing her Deputy Tankersley of the Moore County Sheriff's Department learned that Miles Christian Etter had been staying with her off and on several weekends during the summer and on Tuesdays and Wednesdays more recently.

It was further learned from her that present in the household at this time was her 11-year old son. She initially denied knowing that he was a sex offender. Later admitted she learned he was [a sex offender] from him in the summer.

Miles Christian Etter was interviewed and both of them had been informed of their rights prior to the interview.

He stated that he met [Appellant] in March of 2007 and began dating her in April of 2007. He said he stayed the night at her house about two nights a week since May of 2007. He said that he had watched her child for her and that he had received mail at her residence . . . .

Miles Christian Etter was convicted on January 9, 1996 in Michigan of criminal sexual conduct, assault with intent to commit penetration. The victim was fifteen years old.

At the time of this offense he was registered in Coffee county at the address of 108 South Street, D, Hillsboro, Tennessee. This was his primary residence.

At no time did he disclose to the Moore County Sheriff's Department that he was a registered sex offender with a secondary residence in this county or that he was residing with a juvenile.

The trial court accepted Appellant's guilty plea to facilitation of a violation of the sex offender registry. At the sentencing hearing, Appellant testified that she was trying to get her life back in order after having a few bad years. She explained to the trial court that she was in an abusive relationship for about ten years with her husband, the father of her eleven-year-old son. At the time of the hearing, Appellant's husband had just been released from prison. She explained to the court that she planned on getting a divorce but had not yet filed the paperwork or hired a lawyer.

Appellant acknowledged that she had a lengthy criminal history, including multiple forgery convictions. She explained that she served three years in prison and was released in 2003.

Appellant's criminal record included twenty-five prior convictions, thirteen of which were felonies. Appellant admitted that she had violated probation in the past.

At the time of Appellant's release in 2003, she was still in the relationship with her husband and did nothing to improve her live. Appellant told the court that "things are good now" and that she had become a "productive person in society." Appellant claimed to work two jobs at the time of the sentencing hearing.

At the conclusion of the sentencing hearing, the trial court ordered Appellant to serve eleven months and twenty-nine days in incarceration, denying any alternative sentence. The trial court explained:

> The truth is you can't escape your past.
>
> . . . .
>
> The entire history of her supervision of having alternative sentencing and probation and parole in the past is this: [Appellant] was placed on two years probation with restitution and a $2500 fine . . . on September 19, 1996. This probation was revoked when she was convicted in Franklin County case number 12974.
>
> She was sentenced to an additional [sentence] to be served on Community Corrections, a total of three and a half years.
>
> Her Community Correction[s] sentence was revoked on July 14th, 2000, when she committed a series of forgeries in Coffee County.
>
> She was convicted of 11 counts of forgery in Coffee County case number 30128F and sentenced to a total of 3 years TDOC consecutive to previous sentences.
>
> She was paroled on February 8, 2002. This parole was revoked on May 23rd, 2002. She was paroled again on May 2nd, 2003. She committed new criminal conduct while on parole. Her parole was revoked on April 7th, 2005 and she expired all of her TDOC sentences on October 4th, 2005.
>
> The truth of the matter is she was lucky to get by with a misdemeanor in this case. I am going to order her to serve the maximum sentence which is 11/29 at 75 percent.

Appellant filed a timely notice of appeal.

*Analysis*

In this Court, Appellant argues that she was presumed to be a favorable candidate for alternative sentencing and that the trial court erred by denying probation. Specifically, Appellant claims that she does not have a "criminal history evincing a clear disregard for the laws of society," that the sentence imposed will not have a deterrent effect, and that probation is in the best interests of the public. The State, on the other hand, argues that Appellant's criminal history "warranted a sentence of 11 months and 29 days in jail."

"When reviewing sentencing issues . . . the appellate court shall conduct a de novo review on the record of the issues. The review shall be conducted with a presumption that the determinations made by the court from which the appeal is taken are correct." T.C.A. § 40-35-401(d). "However, the presumption of correctness which accompanies the trial court's action is conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." *State v. Ashby*, 823 S.W.2d 166, 169 (Tenn. 1991). In conducting our review, we must consider the defendant's potential for rehabilitation, the trial and sentencing hearing evidence, the pre-sentence report, the sentencing principles, sentencing alternative arguments, the nature and character of the offense, the enhancing and mitigating factors, and the defendant's statements. T.C.A. §§ 40-35-103(5), -210(b); *Ashby*, 823 S.W.2d at 169. We are to also recognize that the defendant bears "the burden of showing that the sentence is improper." *Ashby*, 823 S.W.2d at 169.

In misdemeanor sentencing, the sentencing court is afforded considerable latitude. *See, e.g., State v. Johnson*, 15 S.W.3d 515, 518 (Tenn. Crim. App. 1999). A separate sentencing hearing is not mandatory in misdemeanor cases, but the court is required to provide the defendant with a reasonable opportunity to be heard as to the length and manner of the sentence. *See* T.C.A. § 40-35-302(a). Misdemeanor sentences must be specific and be congruent with the principles, purpose, and goals of the Criminal Sentencing Reform Act of 1989. *Id.* §§ 40-35-104, -302; *State v. Palmer*, 902 S.W.2d 391, 392-93 (Tenn. 1995). A person convicted of a misdemeanor has no presumption of entitlement to a minimum sentence. *State v. Baker*, 966 S.W.2d 429, 434 (Tenn. Crim. App. 1997); *State v. Creasy*, 885 S.W.2d 829, 832 (Tenn. Crim. App. 1994). The misdemeanor sentencing statute requires that the trial court consider the enhancement and mitigating factors when calculating the percentage of the sentence to be served "in actual confinement" prior to "consideration for work release, furlough, trusty status and related rehabilitative programs." T.C.A. § 40-35-302(d); *State v. Troutman*, 979 S.W.2d 271, 274 (Tenn. 1998).

For offenses committed on or after June 7, 2005, a defendant is eligible for probation if the sentence actually imposed is ten years or less. *See* T.C.A. § 40-35-303(a). Prior to the 2005 amendments to the sentencing act, there was no presumption in favor of alternative sentencing for those convicted of misdemeanors. *See State v. Williams*, 914 S.W.2d 940, 949 (Tenn. Crim. App. 1995). Even after the amendments to the sentencing act, those convicted of misdemeanors are still not presumed eligible for alternative sentencing. *See State v. Robert Edward Joffe*, No. E2004-

02926-CCA-R3-CD, 2006 WL 1288597, at *6 (Tenn. Crim. App., at Knoxville, May, 11, 2006), *perm. app. denied*, (Tenn. Sept. 5, 2006).

A trial court may deny an alternative sentence because:

(A) Confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;

(B) Confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or

(C) Measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant. . . .

T.C.A. § 40-35-103(1)(A)-(C). In choosing among possible sentencing alternatives, the trial court should also consider Tennessee Code Annotated section 40-35-103(5), which states, in pertinent part, "[T]he potential or lack of potential for the rehabilitation or treatment of the defendant should be considered in determining the sentence alternative or length of a term to be imposed." T.C.A. § 40-35-103(5); *State v. Dowdy*, 894 S.W.2d 301, 305 (Tenn. Crim. App. 1994). The trial court may consider a defendant's untruthfulness and lack of candor as they relate to the potential for rehabilitation. *See State v. Nunley*, 22 S.W.3d 282, 289 (Tenn. Crim. App. 1999); *see also State v. Bunch*, 646 S.W.2d 158, 160-61 (Tenn. 1983); *State v. Williamson*, 919 S.W.2d 69, 84 (Tenn. Crim. App. 1995); *Dowdy*, 894 S.W.2d at 305-06.

With regard to Appellant's prior record, the presentence report shows a lengthy criminal history. Appellant has amassed a substantial criminal history, with at least twenty-five prior convictions, thirteen of which were felonies. Appellant's record includes convictions for unlawful drug paraphernalia uses and activities, contributing to the delinquency of a minor, theft, twelve convictions for forgery, several traffic offenses, and several convictions for passing worthless checks. Appellant's criminal record alone supports the denial of alternative sentencing. *See* T.C.A. § 40-35-103(1)(A). Further, measures less restrictive than confinement have frequently been applied unsuccessfully to Appellant. The record indicates that she has previously had terms of probation and community corrections revoked as well as a parole revocation. Appellant's failure to abide by a previously granted alternative sentence further supports the denial of an alternative sentence in this case. *See* T.C.A. § 40-35-103(1)(C). Consequently, we affirm the judgment of the trial court ordering Appellant to serve her sentence in incarceration.

*Conclusion*

For the foregoing reasons, the judgment of the trial court is affirmed.


        _____

        JERRY L. SMITH, JUDGE